FILED
Jul 03, 2018
10:59 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| DALE HUNTER, | ) | Docket No. 2017-08-1268 |
| Employee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUG'S AUTOMOTIVE, | ) | State File No. 88488-2017 |
| Employer. | ) | |
| | ) | Judge Dale Tipps |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This matter came before the Court on June 26, 2018, for an Expedited Hearing. The present focus of this case is whether Mr. Hunter is entitled to medical and temporary disability benefits for his alleged back injury. The central legal issues are whether he is likely to establish at a hearing on the merits that he gave adequate notice of his alleged injury and whether it arose primarily out of and in the course and scope of his employment. For the reasons below, the Court finds that Mr. Hunter is likely to prove that he gave proper notice but cannot find he is likely to prove his injuries arose primarily out of and in the course and scope of his employment. However, he is entitled to a panel of physicians.

### History of Claim

Mr. Hunter worked for Doug's Automotive as a mechanic. Doug and Candace Marshall are the owners of Doug's Automotive. On October 16, 2017, Mr. Hunter was working on a car when a spring came loose. He twisted to avoid injury and felt something pop in his lower back. Mr. Hunter testified he reported the injury that day to Mr. Marshall and Phil Bradsher, who ran the front counter. Over the course of the week, Mr. Hunter told Mr. Marshall and Mr. Bradsher that he was not feeling better. They told him to return to work. He also reported the work injury to Ms. Marshall on October 19.

1

The Monday after the injury, Mr. Hunter told Mr. Marshall that he needed to see a doctor. Mr. Marshall sent him to Dr. Benjamin Boston, a chiropractor. Doug's Automotive later provided treatment with Richard Green, FNP and then with Concentra Medical Centers.

Mr. Hunter saw Dr. Boston on October 23 for complaints of low back pain arising from an October 16 work injury. Noting that Mr. Hunter suffered a lumbar injury in a 1989 car accident, Dr. Boston diagnosed sciatica, spasm, and segment dysfunction.

Mr. Hunter saw FNP Green on October 26. He noted Mr. Hunter "had an on the job injury at Doug's Automotive 10/16 that irritated an old injury from 1989 when he was in an accident and ruptured L4-L5 – He describes a very heavy piece of equipment about to fall on him and had to move quickly to avoid it." Mr. Hunter reported low back pain and tingling in both legs. FNP Green diagnosed "backache" and prescribed Medrol, Tramadol, and Baclofen. He also took Mr. Hunter off work for a week.

Mr. Hunter returned to FNP Green on November 2 reporting slight improvement but still suffering from pain and numbness. He continued work restrictions through November 9.

Concentra records indicate that Mr. Hunter saw Dr. Tracye Kyles on January 9, 2018. Dr. Kyles assessed lumbar strain and ordered physical therapy. She also assigned restrictions on lifting and bending.

After Mr. Hunter's first visit to Concentra, Mr. Marshall asked him to sign a form offering transitional work within his restrictions. However, the letter only offered five hours of work per day at a rate of $10.00 per hour, which was half of Mr. Hunter's usual wage. Mr. Hunter declined the offer and took another job because he needed to pay his bills.

When Mr. Hunter returned on January 24, Dr. Kyles noted he was still symptomatic, but she felt he was "at functional goal, not at end of healing." She prescribed a pain-relieving gel and stated that Mr. Hunter "was released from care as maximum medical improvement was reached for the patient's injury(ies)." She instructed him to return if his pain worsened.

Mr. and Ms. Marshall testified that, because of an administrative problem, Doug's Automotive had no workers' compensation coverage at the time of Mr. Hunter's injury, even though it had more than five employees. They also disputed that Mr. Hunter gave immediate notice of a work injury. Instead, Ms. Marshall stated that, although Mr. Hunter complained of back pain on October 16, he did not report a work-related cause of that pain until October 23. Because Mr. Hunter could not afford medical care, the

2

Marshalls volunteered to send him to Dr. Boston. They continued to pay for medical treatment with other providers.

Mr. Hunter acknowledged that Doug's Automotive paid his medical treatment to date. However, he still suffers from pain and numbness and cannot afford medical treatment. He requested that the Court order Doug's Automotive to provide additional medical treatment and pay temporary disability benefits.

Doug's Automotive countered that Mr. Hunter is not entitled to additional workers' compensation benefits. It questioned whether the incident occurred as Mr. Hunter described it, based on his failure to immediately provide notice of his injury. Doug's Automotive also contended that it provided appropriate medical treatment that Mr. Hunter willingly accepted. He never objected to the providers or requested a panel or alternative care. Further, Doug's Automotive argued that Mr. Hunter failed to establish that he is likely to prove that his work was the primary cause of his condition.

### Findings of Fact and Conclusions of Law

Mr. Hunter need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Compensability*

To prove a compensable injury, Mr. Hunter must show that his alleged injury arose primarily out of and in the course and scope of his employment. To do so, he must show his injury primarily arose out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court notes that Doug's Automotive presented no testimony or other proof to contradict Mr. Hunter's description of the work accident on October 16. The Court found his testimony credible, but more importantly, it was unrebutted. Although Mr. and Ms. Marshall disputed Mr. Hunter's contention that he reported the work injury the day it occurred, they acknowledged he did

so within a week.[1]  Whatever skepticism they might harbor because of this alleged delay does not constitute evidence regarding the actual occurrence of the work incident.  Thus, no genuine dispute exists that Mr. Hunter established a specific incident, identifiable by time and place.  The question, therefore, is whether he appears likely to prove at a hearing on the merits that his work was the primary cause of the injury.  The Court cannot find at this time that Mr. Hunter is likely to meet this burden.

The Court accepted numerous medical records into evidence, but neither party submitted any medical opinions addressing the cause of Mr. Hunter's condition.  Absent this opinion, he cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."  However, the Court requires additional analysis in light of Doug's Automotive's failure to provide a panel of physicians.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician."  Further, the administrative rules governing an employer's obligation to provide a panel require an employer to provide a panel no later than three days after an employee expresses a need for medical care.  Tenn. Comp. R. & Regs. 0800-02-01-.06 (2018).  An employer who fails to comply with this rule may be assessed a civil penalty.  *Id.*

Further, at an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence, but rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel.  *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).  In *McCord,* the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined.  Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord* at *16, 17.  Thus, the question is whether Mr. Hunter provided sufficient

---

[1] Doug's Automotive did not clarify whether it was asserting a notice defense.  If so, Mr. Hunter's report of the work injury the next week satisfies the fifteen-day notice requirement of Tennessee Code Annotated section 50-6-201(a).

evidence to satisfy his "burden at this interlocutory stage" that he is entitled to a panel of physicians.

Doug's Automotive contended that Mr. Hunter is not entitled to additional treatment because he willingly accepted the ad hoc medical care the Marshalls provided without objecting or requesting a panel or alternative care. While the Marshall's attempts to help Mr. Hunter and pay for his treatment to date are laudable, their actions did not comply with section 50-6-204(a)(3)(A)(i). As noted above, the only proof at the hearing showed Mr. Hunter suffered an injury at work on October 16 and reported the problem to his supervisor. This entitled him to a panel of physicians, which Doug's Automotive failed to provide.

Therefore, the Court finds Mr. Hunter provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to a panel of physicians. Doug's Automotive is ordered to provide a panel of physicians from which Mr. Hunter may choose an authorized physician for evaluation and, if appropriate, treatment of his alleged injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A).

*Temporary Disability Benefits*

Mr. Hunter also seeks payment of temporary disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Mr. Hunter has not yet established he is likely to meet his burden of proving a compensable injury. Therefore, the Court cannot find at this time that he appears likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Doug's Automotive shall provide Mr. Hunter with a panel of physicians and medical treatment made reasonably necessary by his October 16, 2017 injury in accordance with Tennessee Code Annotated section 50-6-204.

2. Mr. Hunter's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on August 30, 2018, at 9:30 a.m. The parties must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call in may result in a determination of the issues without the parties' participation. All conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED this the 3rd day of July, 2018.**

_____

**JUDGE DALE TIPPS**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Dale Hunter
2. Records from Concentra Medical Centers
3. Records from Whole Health Chiropractic
4. Records from The Family Medicine Group
5. Wage Statement
6. Expedited Request for Investigation Report
7. Collective medical bills
8. January 9, 2018 letter offering transitional work
9. Candace Marshall's notes
10. Screenshot of January 17, 2018 text messages

Technical record:
1. Request for Expedited Hearing
2. Dispute Certification Notice

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 3rd day of July, 2018.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|------|----------------|-----|-----------|------------------|
| Dale Hunter | | | X | Dale.hunter29@yahoo.com |
| James Jones, Jr., Employer's Attorney | | | X | attorneyjamesjones@gmail.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7